UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CORDARRIUS BONNER, | |
| Plaintiff, | Case No. 3:21-cv-00215 |
| v. | Judge Aleta A. Trauger |
| RAYMOND BYRD et al., | Magistrate Judge Alistair E. Newbern |
| Defendants. | |

To: The Honorable Aleta A. Trauger, District Judge

**REPORT AND RECOMMENDATION**

The docket in this action shows that pro se Plaintiff Cordarrius Bonner, who is incarcerated and proceeds *in forma pauperis*, has not returned service packets for Defendants Security Threat Group Coordinator Hudson and Investigator Knight, who are the only remaining defendants in this action. On June 24, 2021, the Court ordered Bonner to show cause by July 14, 2021, why the Magistrate Judge should not recommend that this action be dismissed under Federal Rule of Civil Procedure 4(m) and warned Bonner that failure to respond could result in a recommendation of dismissal. (Doc. No. 5.) Bonner has not responded to the Court's show-cause order. For the reasons that follow, the Magistrate Judge will recommend that this action be dismissed without prejudice under Rule 4(m).

**I.      Factual and Procedural Background**

Bonner initiated this action on March 16, 2021, by filing a complaint under 42 U.S.C. § 1983 alleging that Hudson, Byrd, and other officials at the Trousdale Turner Correctional Center used excessive force against him, discriminated against him on the basis of race, and wrongfully conducted disciplinary proceedings against him. (Doc. No. 1.) On April 1, 2021, the Court granted

Bonner's application to proceed *in forma pauperis* and screened his complaint under 28 U.S.C. §§ 1915A and 1915(e)(2), and 42 U.S.C. § 1997e. (Doc. No. 4.) The Court found that Bonner had stated colorable claims against Hudson and Knight in their individual capacities for violations of Bonner's Eighth Amendment right to be free from cruel and unusual punishment and Fourteenth Amendment right to equal protection. (*Id.*) All other defendants and claims were dismissed. (*Id.*) The Court sent Bonner blank service packets for Hudson and Knight and ordered him to complete and return the service packets within 21 days of receiving the Court's screening order. (*Id.*) Bonner did not return the service packets.

On June 24, 2021, the Court found that Bonner had not returned completed service packets for Hudson and Knight and ordered him to show cause by July 14, 2021, why the Magistrate Judge should not recommend that the remaining claims in this action be dismissed under Rule 4(m) for Bonner's failure to effect service on the defendants. (Doc. No. 5.) The Court ordered Bonner to return completed service packets for Hudson and Knight with his response to the show-cause order and warned him that failure to comply with the show-cause order would likely result in a recommendation that his claims be dismissed. (*Id.*) Bonner has not responded to the Court's show-cause order.

**II.     Legal Standard**

"[T]he requirement of proper service of process 'is not some mindless technicality[,]'" *Friedman v. Est. of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) (quoting *Del Raine v. Carlson*, 826 F.2d 698, 704 (7th Cir. 1987)), nor is it "meant to be a game or obstacle course for plaintiffs[,]" *Ace Am. Ins. Co. v. Meadowlands Dev. Ltd. P'ship*, 140 F. Supp. 3d 450, 455 (E.D. Pa. 2015). Rather, it goes to the very heart of a court's ability to hear a case. "[W]ithout proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant." *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012); *see also Mann v. Castiel*, 681 F.3d

368, 372 (D.C. Cir. 2012) (explaining that "[s]ervice is . . . not only a means of 'notifying a defendant of the commencement of an action against him,' but 'a ritual that marks the court's assertion of jurisdiction over the lawsuit'" (citation omitted)). Where personal jurisdiction is not properly established, a court cannot exercise its authority consistent with due process of law. *See Friedman*, 929 F.2d at 1156–57.

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The Court must extend the time for service upon a showing of good cause, and the Court may exercise its discretion to permit late service even where a plaintiff has not shown good cause. Fed. R. Civ. P. 4(m) advisory committee's note to 1993 amendment (explaining that Rule 4(m) "explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service . . . and authorizes the court to [grant relief] . . . even if there is no good cause shown"); *see also Henderson v. United States*, 517 U.S. 654, 662–63 (1996); *DeVane v. Hannah*, No. 3:11-cv-00389, 2011 WL 5916433, at *2 (M.D. Tenn. Nov. 28, 2011). Otherwise, the language of Rule 4(m) mandates dismissal, either on motion or sua sponte. Fed. R. Civ. P. 4(m); *see also Byrd v. Stone*, 94 F.3d 217, 219 & n.3 (6th Cir. 1996). In light of this plain language, it is well established that Rule 4(m) empowers a court to dismiss complaints without prejudice "upon the court's own initiative with notice to the plaintiff." *Hason v. Med. Bd. of Cal.*, 279 F.3d 1167, 1174 (9th Cir. 2002); *see also Friedman*, 929 F.2d at 1155 n.4 (noting that "the issue of ineffective service of process may be raised sua sponte").

**III.     Analysis**

More than 200 days have passed since the Court ordered Bonner to return completed service packets for Hudson and Knight, and those defendants have not been served and have not

3
Case 3:21-cv-00215    Document 6    Filed 10/22/21    Page 3 of 4 PageID #: 29

appeared in this action. The Court gave Bonner ample opportunity to return service packets for Hudson and Knight and issued a show-cause order providing him with an opportunity to explain why the Court should extend the time for service rather than dismiss his claims. (Doc. No. 5.) Bonner did not respond.

The fact that Bonner appears pro se does not excuse his failure to comply with the Court's orders. *See Cantrell v. Parker Corp.*, Civ. No. 3:13-1395, 2014 WL 7366100, at \*1–2 (M.D. Tenn. Dec. 23, 2014) (dismissing pro se plaintiff's complaint without prejudice for failure to comply with court orders and Rule 4(m)). Because Bonner has not returned completed service packets for Hudson and Knight in compliance with this Court's orders despite ample time to do so, notice that failure may result in dismissal, and an opportunity to show good cause to excuse his failure, dismissal without prejudice under Rule 4(m) is appropriate.

**IV.      Recommendation**

For these reasons, the Magistrate Judge RECOMMENDS that this action be DISMISSED WITHOUT PREJUDICE under Rule 4(m).

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 22nd day of October, 2021.

ALISTAIR E. NEWBERN
United States Magistrate Judge